IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CITY UTILITIES OF SPRINGFIELD, MISSOURI BY AND THROUGH THE BOARD OF PUBLIC UTILITIES, et al., *Petitioners*, v. U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., *Respondents*. | Case No. 24-1200 (and consolidated cases) |

## REPONSDENTS' MOTION TO GOVERN

Under the Court's Order holding this case in abeyance (Doc. No. 2101701), Respondents United States Environmental Protection Agency and Administrator Lee Zeldin ("EPA") file this motion to govern future proceedings. EPA requests that the Court extend the abeyance in this case 60 days—through August 11, 2025—with a motion to govern due by August 11, 2025. Petitioners do not oppose this motion. Respondent-Intervenors take no position on this motion.

These consolidated petitions challenge EPA's final rule titled "Hazardous and Solid Waste Management System: Disposal of Coal Combustion Residuals From Electric Utilities; Legacy CCR Surface Impoundments," 89 Fed. Reg. 38,950 (May 8, 2024), ("Rule").

1

Petitioners filed their merits briefs on January 31, 2025.  ECF Nos. 2097916, 2098018.  Respondents' merits brief was due on April 18, 2025.  ECF No. 2090616.  On February 13, 2024, on EPA's motion, this Court held these petitions in abeyance pending further order of the Court, and directed Respondents to file motions to govern future proceedings by June 13, 2025.  Doc. No. 2100632.

Upon review, EPA has determined that it will reconsider the Rule in whole or in part, but has not yet decide the full scope of reconsideration.  EPA expects to have determined which aspects of the Rule EPA will reconsider, in whole or in part, within 60 days.  Reconsideration of the Rule will require a new round of notice-and-comment rulemaking.

This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936).  An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

Abeyance is warranted here.  Courts have long recognized that agencies may generally reconsider and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given ample latitude to adapt their rules and policies to . . .

changing circumstances."); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations").

Courts routinely grant stays or abeyance in circumstances like those presented here, where a new administration seeks to reconsider prior actions. *See, e.g.*, Order, (Doc. Nos. 1883880, 1882301),[1] *Am. Fuel & Petrochem. v. EPA*, No. 19-1124 (D.C. Cir. Feb. 5, 2021) (rescheduling oral argument at EPA's request to accommodate change of administration); Order (Doc. Nos. 1675813, 1670157), *Am. Petroleum Inst. v. EPA*, No. 13-1108 (D.C. Cir. May 18, 2017) (abating challenge to EPA's authority to regulate methane from oil and gas operations following change of administration); Order (Doc. Nos. 1673071, 1668274), *West Virginia v. EPA*, No. 15-1363 (D.C. Cir. Apr. 28, 2017) (abating challenges to Clean Power Plan rule following change of administration).

Abeyance also would preserve resources of the Court. EPA's reconsideration of the rule, in whole or in part, may obviate the need for judicial resolution of some or all the disputed issues. Good cause thus exists for the

---

[1] In this and the following citations, the first Document No. refers to the Court's Order and the second Document No. refers to EPA's motion for a stay or abeyance.

requested abeyance. *See Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 70-71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

For these reasons, EPA respectfully requests that the Court extend the abeyance in this case 60 days—through August 11, 2025—with a motion to govern due by August 11, 2025.

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*

| | |
|---|---|
| *Of Counsel:* |  /s/ David Mitchell |
| LAUREL CELESTE | DAVID D. MITCHELL |
| Office of the General Counsel | Environmental Defense Section |
| U.S. Environmental Protection Agency | Environment and Natural Resources |
| Washington, D.C. | Division |
| | U.S. Department of Justice |
| | P.O. Box 7611 |
| | Washington, D.C. 20044 |
| | (202) 514-0165 |
| Dated: June 13, 2025 | david.mitchell@usdoj.gov |

# CERTIFICATES OF COMPLIANCE AND SERVICE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 704 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

I certify that on June 13, 2025, a copy of the foregoing document was served electronically through the Court's CM/ECF system on all registered counsel.

Dated: June 13, 2025

/s/ *David Mitchell*
DAVID D. MITCHELL