# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CITY UTILITIES OF SPRINGFIELD, MISSOURI BY AND THROUGH THE BOARD OF PUBLIC UTILITIES, et al., *Petitioners*, v. U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., *Respondents*. | Case No. 24-1200 (and consolidated cases) |

## REPONSDENTS' MOTION TO GOVERN

As the Court ordered on June 13, 2025 (Doc. No. 2120763), Respondents file this motion to govern future proceedings. EPA will be reconsidering certain aspects of the challenged rule and requests that the Court continue holding these consolidated petitions in abeyance until December 15, 2025, with motions to govern due that day. Although EPA anticipates that reconsideration may not be complete by December 15, 2025, EPA has limited its request now to avoid opposition to this abeyance request. Petitioners do not oppose this motion. Respondent-Intervenors take no position on this motion.

1

These consolidated petitions challenge EPA's final rule titled "Hazardous and Solid Waste Management System: Disposal of Coal Combustion Residuals From Electric Utilities; Legacy CCR Surface Impoundments," 89 Fed. Reg. 38950 (May 8, 2024) ("Rule").

On February 13, 2024, on EPA's motion, this Court held these petitions in abeyance for 120 days. Doc. No. 2100632. On June 13, 2025, this Court ordered these petitions to remain in abeyance until August 11, 2025, and directed Respondents to file a motion to govern by that date. Doc. No. 2120763. The case was held in abeyance while EPA reviewed the Rule. *See* Doc. No. 2120601. EPA has determined that it will reconsider the Rule in whole or in part,[1] which will require a new round of notice-and-comment rulemaking.

This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

Abeyance is warranted here. Courts have long recognized that agencies may generally reconsider and, if appropriate, revise their past decisions. *See, e.g.*,

---

[1] *See* https://www.epa.gov/newsreleases/epa-launches-biggest-deregulatory-action-us-history.

*Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given ample latitude to adapt their rules and policies to . . . changing circumstances."); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations").

Courts routinely grant abeyance in circumstances like those presented here, where a new administration seeks to reconsider prior actions. *See, e.g.*, Order (Doc. Nos. 2126236, 2116832),[2] *North Dakota v. EPA*, No. 24-1119 (D.C. Cir. July 18, 2025) (granting abeyance during pendency of EPA reconsideration of challenged rule); Order (Doc. Nos. 2114996, 2114266), *Kentucky v. EPA*, No. 24-1087 (D.C. Cir. May 8, 2025) (same).

Abeyance also would preserve resources of the Court. EPA's reconsideration of the rule, in whole or in part, may obviate the need for judicial resolution of some or all the disputed issues. Good cause thus exists for the requested abeyance. *See Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d

---

[2] In this and the following citation, the first document number refers to the Court's Order and the second document number refers to EPA's motion for an abeyance.

124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 70-71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

For these reasons, EPA respectfully requests that the Court place these consolidated petitions in abeyance until December 15, 2025, with motions to govern due that day.

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*

*Of Counsel:*
LAUREL CELESTE
Office of the General Counsel
U.S. Environmental Protection Agency
Washington, D.C.

/s/ David Mitchell
DAVID D. MITCHELL
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202)598-9737
david.mitchell@usdoj.gov

Dated: August 11, 2025

# CERTIFICATES OF COMPLIANCE AND SERVICE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 639 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

I certify that on August 11, 2025, a copy of the foregoing document was served electronically through the Court's CM/ECF system on all registered counsel.

Dated: August 11, 2025

/s/ *David Mitchell*
DAVID D. MITCHELL